UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CANDIDA DIAZ, as Parent and Natural Guardian of N.D., and CANDIDA DIAZ, Individually,

JENNIE LANDSMAN, as Parent and Natural Guardian of B.L., and JENNIE LANDSMAN, Individually,

      Plaintiffs,

-against-

MELISSA AVILES-RAMOS, in her official Capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

      Defendants.
------------------------------------------------------------X

24-cv-09340 (JLR)

**JUDGMENT**

  **WHEREAS**, Plaintiffs Candida Diaz, individually and on behalf of her son N.D., and Jennie Landsman, individually and on behalf of her son B.L., commenced this action on December 9, 2024[1] against Defendants Melissa Aviles-Ramos, in her official capacity as Chancellor of the New York City Department of Education and the New York City Department of Education ("DOE"), alleging violations of the Individuals with Disabilities Education Act (IDEA),[2] asking the Court, in relevant part, to: (1) implement Impartial Hearing Officer (IHO) Styza's unappealed Findings of Fact and Decision (FOFD) in IHO Case No. 278225, requiring the DOE to fully fund N.D.'s educational placement at the International Institute for the Brain ("iBRAIN") for the 2024-2025 extended school year (ESY), including tuition, related services, and special transportation;

---

[1] *See* ECF No. 1.
[2] 20 U.S.C. § 1400 *et seq.*

1

(2) implement IHO Caravello's unappealed FOFD in IHO Case No. 223117, requiring the DOE to fully fund B.L.'s educational placement at the iBRAIN for the 2021-2022 and 2022-2023 ESYs, including tuition, related services, as well as special transportation and nursing services; and (3) award Plaintiffs reasonable attorneys' fees;[3]

**WHEREAS**, the parties cross-moved for summary judgment [ECF Nos. 17-19, 22-26, 28, 29, 33, 34];

**WHEREAS**, on July 31, 2025, the Court issued an Opinion and Order finding that Plaintiffs succeeded on their claims in their motion for summary judgment and were entitled to relief; that DOE had already paid all outstanding balances due and owing to N.D. for his educational placement, including tuition, related services, and special transportation for the 2024-2025 ESY; that Plaintiff Landsman demonstrated that B.L. was entitled to funding for the 2021-2022 and 2022-2023 ESYs for B.L.'s special transportation and nursing services; that Plaintiffs, as prevailing parties in the underlying administrative proceedings, are entitled to attorneys' fees from those proceedings; and that Plaintiff Landsman, as the prevailing party in this federal action, is entitled to reasonable attorneys' fees for the federal action [ECF No. 38];

**WHEREAS**, on November 15, 2024, pursuant to the FOFD, Plaintiff Landsman submitted to the Implementation Unit contracts, monthly invoices, and affidavits of appropriate personnel from Sister's Travel and Transportation Service and from B&H Healthcare Nursing, and requested disbursements for outstanding tuition, transportation, and nursing payments due for the 2021-2022 and 2022-2023 ESYs;

**WHEREAS**, the Implementation Unit has processed $497,931.20 for tuition for B.L. at iBRAIN for the 2021-2022 and 2022-2023 ESYs;

---

[3] *See* ECF No. 1, ¶¶ 45-56, 80-90, 105, 115, 143-146.

**WHEREAS**, under the IDEA, the Court may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability, which shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished;

**WHEREAS**, Plaintiffs were the prevailing parties in the underlying administrative proceedings;

**WHEREAS**, Plaintiff Landsman is the prevailing party in this federal action;

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that for the reasons stated in the Court's Opinion and Order dated July 31, 2025, Plaintiffs' motion for summary judgment is GRANTED, and the Defendants' motion is DENIED. [ECF No. 38]. The Court finds that DOE is responsible for funding B.L.'s transportation and nursing costs from September 12, 2021 to June 23, 2022 for the 2021-2022 school year and from July 6, 2022 to June 23, 2023 for the 2022-2023 school year;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Landsman's documentation of contractual obligations and monthly invoices for nursing and transportation services for the 2021-2022 and 2022-2023 ESYs satisfies Landsman's obligations under the FOFD, and;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Diaz in IHO Case No. 278225 and Plaintiff Landsman in IHO Case No. 223117 were the prevailing parties in the underlying administrative and are therefore entitled to reasonable attorneys' fees for the underlying administrative proceedings;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs Diaz and Landsman have succeeded on their claims in the underlying administrative hearings (Plaintiff Diaz

- IHO Case No. 278225 and Plaintiff Landsman - IHO Case No. 223117) and have received meaningful relief. Plaintiffs are, therefore, entitled to reasonable attorneys' fees as the prevailing party in the underlying administrative hearings (Plaintiff Diaz- IHO Case No. 278225 and Plaintiff Landsman - IHO Case No. 223117). Plaintiff Landsman is also separately entitled to reasonable attorneys' fees as the prevailing party in this federal action;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall file their applications for attorneys' fees no later than October 21, 2025.

The Clerk of the Court is directed to enter Judgment as set forth above and close this case consistent herewith.

Dated:    September 15, 2025
         New York, NY

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge